UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Caddy Products, Inc.,                          Civil No. 05-1231 (JRT/FLN)

       Plaintiff,

       v.                                   **REPORT AND RECOMMENDATION**

Seating Concepts, LLC,

       Defendant.

_____

Richard Jensen, for Plaintiff.
Peter Lancaster, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 10, 2006, on Defendant's Motion to Transfer [#12]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendant's Motion be denied.

### I. FINDINGS OF FACT

Plaintiff Caddy Products, Inc., commenced this action against Defendant Seating Concepts, LLC, alleging patent and trade dress infringement and defective trade practices. Plaintiff contends that Defendant infringed upon two of its patents that pertain to armrests for stadium seats. Defendant argues that because the dispute is between two corporations whose operations and potential witnesses are based in California, this case should be litigated in the Southern District of California rather than Minnesota. Defendant moves to transfer this case pursuant to 28 U.S.C. § 1404(a).

Defendant argues that, though Plaintiff is incorporated in Minnesota, it has no place of

business in Minnesota, and its principal place of business is in California.  Defendant's principal place of business is in California, and Defendant's employees all reside in or around San Diego, California.  (Real Aff. ¶¶ 3-5).  Defendant argues that one of its key defenses will be that it sold armrests that will invalidate one of the patents at issue, and that the sales occurred in California.  (Real Aff. ¶ 8).  Defendant argues that as many as twenty of its potential witnesses reside in or around San Diego, California.  (Real Aff.. ¶¶ 10-11).  Defendant argues that it and its likely witnesses will suffer significant inconvenience and financial hardship if it is forced to litigate this case in Minnesota, and that those inconveniences would be minimized if the case were transferred to Southern California.

Plaintiff disagrees and argues that it is more convenient to litigate the case in Minnesota.  Plaintiff is a Minnesota corporation with its manufacturing facility located in Osceola, WI, which is approximately 45 minutes from the Twin Cities metropolitan area.  Plaintiff asserts that many of its witnesses reside in, or regularly travel to, Minnesota or Wisconsin.  Plaintiff manufactures its products under contract with MPP Corporation ("MPP").  According to Plaintiff, four MPP employees that have knowledge relevant to the lawsuit reside in Minnesota or Wisconsin.  See Pl. Mem. in Opp. p. 4; Bergin Aff. ¶ 4.  Plaintiff's accountant, Cindy McWilliams, and Plaintiff's corporate secretary, Phil Rafnson, reside, at least part-time, in Minnesota.  (Bergin Aff. ¶¶ 6-7).  Peter Bergin, Plaintiff's President and inventor of one of the patents in question, and James Winebarger, Plaintiff's President of Sales and Marketing, regularly travel to Minnesota to conduct business, and both expect to travel to Minnesota numerous times in 2006.  (Bergin Aff. ¶¶ 8-9).  John Ayotte, inventor of one of the patents at issue, lives in Minnesota more than six months out the year. (Bergin Aff. ¶ 17).  Nick Westman, the attorney who represented Plaintiff in prosecuting both

of the patents at issue, is a Minnesota resident.

Plaintiff also argues that the Court should retain jurisdiction because it alleges that Defendant has committed at least two acts of infringement in Minnesota, (see Bergin Aff. ¶ 23), and because this Court currently has pending the case of Caddy Products, Inc. v. Greystone International, Inc., 05-CV-301 (JRT/FLN), which involves a claim by Plaintiff for infringement of the same patents that are at issue in this lawsuit. The Greystone case is in the initial stages of discovery. (Jensen Aff. ¶ 4).

## II. LEGAL ANALYSIS

### A. Section 1404(a)

Defendant argues, pursuant to 28 U.S.C. § 1404(a), that the Court should transfer the case to the Southern District of California. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Generally, transfer under section 1404(a) "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982), overruled on other grounds, Missouri Housing Development Com'n v. Brice, 919 F.2d 1306, 1310-11 (8th Cir. 1990). A presumption in favor of plaintiff's choice of forum exists. Christensen Hatch Farms, Inc. v. Peavey Co., 505 F. Supp. 903, 911 (D. Minn. 1981). Section 1404(a) provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." Graff v. Qwest Communications Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)).

The party seeking transfer bears the burden of proof to show that the balance of factors

"strongly" favors the movant. United Mortg. Corp. v. Plaza Mortg. Corp., 853 F. Supp. 311, 315 (D. Minn. 1994). In considering a motion to transfer pursuant to section 1404(a), the Court must consider a number of case-specific factors, such as convenience of the parties and witnesses, access to sources of proof, and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997). The Court's evaluation is not limited to the enumerated factors. Terra Int'l, 119 F.3d at 691. The analysis may also include a "case-by-case evaluation of the particular circumstances at hand." Id.

Initially, the moving party must show that the transferee district is one where venue would be proper. Here, the parties agree that the Southern District of California would have personal jurisdiction over Defendant, and that venue would be proper there. Therefore, the only remaining question is whether Defendant has satisfied its burden of showing that the balance of section 1404(a) factors favors transferring this case.

### 1.     **Convenience of Parties**

Defendant argues that it would be more convenient for both parties to litigate in the Southern District of California because both parties' principal places of business are in California. Plaintiff's principal place of business is in the Central District of California, and Defendant's principle place of business is in the Southern District of California. Defendant argues that if the case were transferred, the parties would have to travel only about 300 miles to attend a hearing, rather than the 4000 miles required to travel from California to Minnesota.

Plaintiff, on the other hand, asserts that if venue is transferred, the inconvenience merely shifts to it. Plaintiff asserts that it has significant ties to Minnesota because it manufactures it products just across the border in Wisconsin, and the closest metropolitan area to those facilities is

the Minneapolis area. It asserts that its shareholders regularly meet in Minnesota, and that the documents relevant to the patents at issue are located in Minnesota. It further asserts that in Greystone, this Court will construe the same patents at issue in this suit. Plaintiff contends that it would be less convenient and more expensive to have the patents construed in two different courts, and that if venue were transferred, there would be a risk of inconsistent results. Lastly, Plaintiff points out that Bergin and Winebarger are the only California residents who are expected to testify on Plaintiff's behalf, and they frequently travel to Minnesota.

The Court finds that transferring venue to California would not be more convenient for Plaintiff. See Radisson Hotels Int'l Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (a transfer should not be granted if the effect simply shifts the inconvenience from one party to another). Thus, the Court finds that this factor does not weigh in favor of transfer.

### 2.    Convenience of Witnesses

The convenience of witnesses is an important factor for the Court and the parties because it determines the "relative ease of access to sources of proof." Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991) (quotation omitted). In considering the issue of convenience to witnesses, courts have focused on a number of factors including the number of non-party witnesses, the location of all witnesses, the willingness of witnesses to appear, the ability to subpoena witnesses, and the preference of courts for live testimony as opposed to depositions. Graff, 33 F. Supp. 2d at 1121; Terra Int'l, 119 F.3d at 696.

Defendant argues that venue should be transferred for the convenience of the witnesses because approximately twenty of its potential witnesses, most or all of whom are its employees, reside in the Southern District of California. In response, Plaintiff identifies approximately thirteen

potential witnesses who either reside in or routinely travel to Minnesota. Plaintiff also points out that Defendant will be able to secure its potential witnesses' attendance at trial because many are its employees. In contrast, many of Plaintiff's potential witnesses who reside in Minnesota are third-party witnesses whose attendance at trial in California Plaintiff would not be able to compel.

Defendant has not convinced the Court that the convenience of the witnesses substantially weighs in favor of transfer. At the very least, the convenience of the witnesses does not favor either party, in which case the factor does not support a transfer to California. While changing the venue may benefit a few of Defendant's employees, it would increase the burden on Plaintiff and the third-party witnesses who may testify on its behalf. The convenience of the witnesses does not sufficiently justify a change of venue.

### 3. Interests of Justice

The final factor the Court must evaluate on a motion to transfer is which venue will best promote the interests of justice. Graff, 33 F. Supp. 2d at 1122. A number of relevant considerations include relative familiarity with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, and the plaintiff's choice of forum. The interest of justice has been deemed the most important factor under section 1404(a). Terra Int'l, 119 F.3d at 691; Radisson Hotels, 931 F. Supp. at 641.

First, there is an advantage to having this Court determine Plaintiff's claims of unfair competition and trade practices brought under the Minnesota law. The fact that Plaintiff asserts state law causes of action is a factor in favor of retention of venue. Radisson Hotels, 931 F. Supp. at 641. While the federal court in California is fully capable of applying Minnesota law, this Court is more likely to be familiar with the applicable Minnesota law than the California court. See id. at 642.

Judicial economy also favors retaining venue of this suit in Minnesota. The <u>Greystone</u> case, which this Court currently has pending before it, involves a claim by Plaintiff for infringement of the same patents that are at issue in this lawsuit. <u>Greystone</u> also is in the initial stages of discovery. In <u>Greystone</u>, this Court will construe the same patents that are at issue in this case. If the Court were to transfer venue, two separate courts would decide identical issues related to the validity of the patents at issue. Such redundant analysis would waste of judicial resources. <u>See</u> <u>Cambridge Filter Corp. v. International Filter Co.</u>, 548 F. Supp. 1308, 1310 (D. Nev. 1982) (litigation of related claims in the same tribunal is favored to avoid duplicative litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results). Judicial resources would be better served if this Court were to retain venue of the case. In addition, it will be less costly for Plaintiff to litigate here because it will only need to educate one court concerning the patents.

Lastly, as mentioned above, Plaintiff's choice of venue is entitled to significant deference. Defendant contends that the "center of accused" test justifies negating the deference for Plaintiff's choice of forum. <u>See</u> Def. Rep. Mem. pp. 4-6. Under the "center of the accused activity" test, the preferred forum in patent infringement cases should be the location of a product's development, testing, research, and production. <u>See</u> <u>Osteotech, Inc. v. GenSci Regeneration Sciences, Inc.</u>, 6 F. Supp. 2d 349, 357 (D. N.J. 1998). The location of the complained of conduct, however, is not a dispositive factor when deciding whether or not to transfer a patent infringement case. In fact, this court has previously pointed out that the courts of this Circuit do not typically apply the "center of the accused activity" or "center of gravity" test. <u>See</u> <u>Radisson Hotels</u>, 931 F. Supp. at 642, n. 4.

Nonetheless, Defendant contends that the "center of accused activity" is in San Diego, at

Defendant's principal place of business. It argues that the San Diego area is where numerous customers purchased the accused products, and installed them in theaters where they remain in public use. It also contends that some of the sales occurred before the filing date of one of the patents in suit, and thus San Diego is also the center of prior art activity. Plaintiff alleges, however, that two instances of alleged infringement occurred in Minnesota, and that Defendant, which has offices in The Netherlands, Mexico, Brazil and San Diego, has also sold products worldwide, and has sold or offered to sell the allegedly infringing products in Texas, Nevada and Florida. See Pl. Res. Mem. pp. 8-9.

Because the center of accused activity test considers the location of the allegedly infringing activity, which in this case includes Minnesota and other states, the Court is not convinced that Plaintiff's choice of forum should be disregarded. Even if the complained of conduct occurred primarily in California, Defendant has failed to show why the location of the alleged wrongful conduct outweighs deference for Plaintiff's choice of forum.

The Court finds that the interests of justice considerations do not weigh in favor of transfer. Defendant has not overcome the strong presumption for Plaintiff's choice of forum. Defendant has not met its burden of demonstrating that the balance of factors strongly favors its request to transfer the case to the Southern District of California. Defendant's Motion to Transfer should be denied.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Transfer [#12] be **DENIED.**

DATED: March 29, 2006                            s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 17, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.