# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CADDY PRODUCTS, INC., | Civil No. 05-1231 (JRT/FLN) |
| Plaintiff, | **ORDER FOR DISMISSAL** |
| v. | |
| SEATING CONCEPTS LLC, | |
| Defendant. | |

Richard G. Jensen and Dyanna L. Street, **FABYANSKE WESTRA HART & THOMSON, P.A.**, 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402; Deirdre M. Kvale, Peter J. Ims, and Z. Peter Sawicki, **WESTMAN CHAMPLIN & KELLY, PA**, 900 Second Avenue South, Suite 1400, Minneapolis, MN 55402-3319, for plaintiff.

Gretchen A. Agree and Peter M. Lancaster, **DORSEY & WHITNEY, LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; John L. Roberts, **PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**, 1917 Palomar Oaks Way, Suite 300, Carlsbad, CA 92008, for defendant.

Pursuant to the stipulation filed by Plaintiff Caddy Products, Inc. ("Caddy") and Defendant Seating Concepts, LLC ("Seating Concepts") (collectively the "Parties") on May 21, 2009 [Docket No. 60], the Court makes the following order:

**IT IS HEREBY ORDERED** that:

1. Capitalized terms in this order that are not defined herein shall have the meaning given them in the stipulation.

2. This Lawsuit shall be **DISMISSED WITHOUT PREJUDICE**, without the award of costs or attorneys' fees to either Party, and subject to the terms of this order.

3. With the exception of the Reexamination Proceedings, including any appeal or petition for review therefrom, neither Party shall file any new lawsuit asserting any of the claims, counterclaims or affirmative defenses that were or could have been brought in this Lawsuit until the earlier of April 1, 2010, or the date that the PTO denies any future request by Seating Concepts to reexamine any claim of the '251 Patent and any time periods for appeal or petition for review therefrom have expired (the expiration of such time period being referred to herein as the "Re-filing Start Date"); provided, however, that if there are any Reexamination Proceedings ongoing at the time that Caddy commences the New Lawsuit (as hereinafter defined), Seating Concepts shall be entitled to object to commencement of the New Lawsuit and/or make a motion to stay the New Lawsuit.

4. Any time limitation, statutory, contractual or otherwise (collectively the "Limitations Periods") for Caddy to commence or pursue any claims against Seating Concepts is tolled as of the Effective Date until sixty (60) days after the conclusion of the Reexamination Proceedings, including all appeals or petitions for review and all time periods for filing appeals (the expiration of such sixty (60) day period being referred to herein as the "Re-filing Termination Date").

5. If Caddy commences litigation against Seating Concepts (the "New Lawsuit") after the Re-filing Start Date but prior to the Re-filing Termination Date, then, subject to the outcome of the Reexamination Proceedings:

    a. All claims, defenses, rights and remedies of the Parties shall continue in effect and be enforceable in the New Lawsuit: (i) to the

same extent, and with the same force and effect, as in the Lawsuit; and (ii) as if the New Lawsuit had been commenced on the date of commencement of the Lawsuit.

    b.    Seating Concepts shall be deemed to have waived and released any defense that any claims or damages in the New Lawsuit would be untimely or otherwise unrecoverable under 35 U.S.C. § 286, as well as any statute of limitations, laches or similar defense in the New Lawsuit, based solely upon the fact that the Lawsuit was dismissed and the New Lawsuit was thereafter commenced as provided for herein. Seating Concepts shall not otherwise be deemed to have waived or released any defenses it might have under 35 U.S.C. § 286, or under any statute of limitations, laches, estoppel or similar defenses, all of which have been expressly reserved.

    c.    The United States District Court for the District of Minnesota will retain jurisdiction and venue to hear the New Lawsuit, but only through the Re-filing Termination Date. Prior to the Re-filing Termination Date, or Caddy's filing of the New Lawsuit, whichever occurs first, Seating Concepts will commence no litigation against Caddy asserting any of the counterclaims that it asserted in the Lawsuit.

6.    It is the intent of this Order that if Caddy commences the New Lawsuit after the Re-filing Start Date but prior to the Re-filing Termination Date, then, subject to

the outcome of the Reexamination Proceedings, the New Lawsuit will proceed as if this Lawsuit had not been dismissed, and all claims, defenses, rights and remedies available to the Parties in this Lawsuit will remain fully enforceable in the New Lawsuit, subject to the outcome of the Reexamination Proceedings.

7.  Except as expressly provided herein, neither Party shall be deemed by this order to have waived or released any of its claims, defenses, rights or remedies against each other or any third-party.

8.  This order shall bind the successors and assigns of the Parties.


DATED: June 5, 2009                          ____s/John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                            United States District Judge